IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-10077-CIV-MOORE/GARBER

HEMINGWAY HOME AND MUSEUM,

    Plaintiff,

vs.

UNITED STATES DEPARTMENT OF
AGRICULTURE,

    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (DE # 8).

UPON CONSIDERATION of the motion and being otherwise fully advised in the premises, the Court enters the following Order.

**I.**     **Background**

Plaintiff Hemingway Home and Museum ("Plaintiff") is a registered national historic landmark in Key West, Florida. Compl. ¶ 2. The Plaintiff is on what was a residential property owned by the author Ernest Hemingway. Id. at ¶ 3. Hemingway brought a polydactyl cat to the property. Id. at ¶ 4. Polydactyl cats are remarkable for having more than the usual number of toes. See WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 912 (Anne H. Soukhanov et al. eds., 1988). Polydactyl cats have lived on the property ever since. Id. In October, 2003, there were fifty-three (53) of these unusual cats living on the property, ranging in age from six months to twenty-one years of age. Id. at 11-13. The cats are viewed by the thousands of visitors that tour the Plaintiff's property each year. Id. at ¶ 5. The polydactyl cats on the Plaintiff's grounds are fed and sheltered and receive weekly veterinary attention. Id. at ¶ 6.

In 2003, The United States Department of Agriculture ("Defendant" or the "USDA") took

an interest in Plaintiff's operation. Id. at ¶ 7. An inspection by Dr. Moore of the USDA resulted in a recommendation that Plaintiff apply for a USDA Animal Welfare License as an "exhibitor" of cats. Id. at 8. At a subsequent inspection, Dr. Moore raised a concern that the polydactyl cats were roaming free on the grounds, restrained only by the brick and mortar wall surrounding the property. Id. at ¶¶ 3, 16. Dr. Moore conferred with Plaintiff about possible resolutions for her concerns about the cats' enclosure. Id. at ¶¶ 17-25.

Dr. Moore inspected the property again in December, 2004, along with Dr. Gja, also of the USDA. Id. at ¶ 28. Containment of the cats was again the object of discussion, and when a solution could not be identified, Plaintiff was informed that not only was its license application denied, it would be subject to substantial fines ($200 a day per cat on the property). Id. at ¶¶ 28-32. Plaintiff attempted an appeal with the USDA, and re-applied for the Exhibitor license. Id. at ¶ 35-39. Plaintiff's subsequent efforts to comply with Defendant's requirements and obtain an exhibitor's license failed. Id. at ¶¶ 39-47.

> Plaintiff seeks a declaratory judgment as to:
>
> A) Whether the Hemingway Home is an "exhibitor" under USDA-APHIS animal care judisdiction.
> B) If the Hemingway Home is an "exhibitor," then how many of the Hemingway cats are "exhibitor" cats?
> C) If the number of Hemingway cats is the criteria for USDA-APHIS jurisdiction of the Hemingway Home as an "exhibitor," how many of the Hemingway cats would have to be disposed of in order to avoid USDA-APHIS regulatory jurisdiction?
> D) In the alternative, if the Hemingway Home is an "exhibitor" under USDA-APHIS regulatory jurisdiction, is the existing 1937 historic Hemingway fence surrounding the property a reasonable primary enclosure under the Act?

Id. at 52.

Defendant moves to dismiss the Complaint on the grounds that the USDA, as an agency of

the United States of America, has not waived its sovereign immunity or consented to be sued, leaving this Court without subject matter jurisdiction to adjudicate this case. Def. Mot. at 1. Defendant also claims Plaintiff has failed to state a claim upon which relief can be granted as Plaintiff has failed to exhaust the available statutory and administrative procedures and appeals available to it. Id. at 1-2.

**II.     Standard of Review**

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (citations omitted); South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996). Specifically, "[i]t is a well-settled principle of law that a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on *any* possible theory." Bowers v. Hardwick, 478 U.S. 186, 201-02 (1986) (Blackmun, J., dissenting) (quotations omitted); see Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

**III.    Discussion**

The Federal Government and its agencies cannot be sued unless they wave sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994); Loeffler v. Frank, 486 U.S. 549, 554 (1988); Federal Housing Administration v. Burr, 309 U.S. 242, 244 (1940). This waiver is a "prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). Plaintiff

3

argues that jurisdiction is supplied by the text of the Animal Welfare Act. Pl. Resp. at 13, citing 7 U.S.C. § 2146. Plaintiff points to § 2146(c), which states:

> The United States district courts . . . are vested with jurisdiction specifically to enforce, and to prevent and restrain violations of this chapter, and shall have jurisdiction in all other kinds of cases arising under this chapter, except as provided in section 2149(c) of this title.

Plaintiff cites Haviland v. Butz in support of its argument that the statutory language grants jurisdiction over the USDA. Pl. Resp. at 13, citing 543 F.2d 169 (C.A.D.C. 1976). In that case, the United States District Court of Appeals for the District of Columbia held the District Court for the District of Columbia had jurisdiction over Haviland's action for a declaratory judgment that the Animal Welfare Act did not apply to his dog and pony show. 543 F.2d 171-72. However, the issue of sovereign immunity was not addressed in Haviland, nor is there any indication the issue was raised in that case. Id.

The language of the Animal Welfare Act does not specifically waive sovereign immunity. A waiver "must be unequivocally expressed in statutory text . . . and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996). For example, in Law v. United States Department of Agriculture, the District Court for the District of Georgia held that it had jurisdiction over the USDA. 366 F.Supp. 1233 (D.C.Ga. 1973). The Law court relied on a statute which provided: "the United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409(a). The Animal Welfare Act section cited by Plaintiff includes no such specific waiver of sovereign immunity.

Having held that the Defendant has sovereign immunity in this matter, which has not been waived, this Court does not reach the remaining jurisdictional or substantive arguments.

**IV.    Conclusion**

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (DE # 8) is GRANTED. Plaintiff's claims are DISMISSED. The Clerk of Court is instructed to CLOSE this case for administrative purposes. All pending motions regarding this case are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 15th day of December, 2006.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record
      U.S. Magistrate Judge Barry L. Garber